

September 17, 2020

**VIA ECF FILING**

The Honorable Peggy Kuo
Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *In re: Propecia (Finasteride) Products Liability Litigation*
              *Kelly S. Pfaff, Individually, on Behalf of J.A.P. and C.P., minors, and as Trustee of the Pfaff Family Trust v. Merck & Co., Inc. and Merck Sharp & Dohme Corp.*
              Case No. 1:15-cv-3355
              **Update to Joint Status Report on Unresolved Discovery Dispute: Request for Status Conference and Briefing**

Dear Magistrate Judge Kuo:

       Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Merck") submit this letter to seek the Court's intervention in unresolved discovery disputes, outlined in the July 31, 2020 Joint Status Report (ECF No. 48), and to request a status conference to discuss a briefing schedule.

       This case has progressed through discovery. Plaintiffs submitted Plaintiff Profile Forms ("PPF") certified by Plaintiff Kelly Pfaff and produced documents pursuant to this Court's Practice Procedure Order ("PPO") No. 5. *See* PPO 5 at 26–28 (ECF No. 128-1, 1:12-md-02331). Additionally, Merck deposed Kelly Pfaff on February 11, 2020. Her sworn deposition testimony revealed significant discoverable information had not been produced before the deposition, as had been requested as part of the PPF process and the notice to Ms. Pfaff's deposition. This included (1) Electronically Stored Information ("ESI") from Decedent John Pfaff's electronic devices, including his primary iPhone device and an iPad affiliated with his work emails account, and (2) correspondence by Ms. Pfaff with Lee Meisel with whom she discussed Propecia, Mr. Pfaff's alleged injuries, and her lawsuit against Merck.

       On February 24, 2020, Merck submitted a letter to Plaintiffs' counsel requesting prompt service of these materials. On July 30, 2020, Plaintiffs produced a limited amount of ESI from Mr. Pfaff's iPhone, including a voicemail left by Kelly Pfaff the morning of his death discussing Mr. Pfaff's behavior and referencing a dispute they had earlier that day. This critical evidence was not produced until nearly six months after Ms. Pfaff's deposition and nearly four years after Plaintiffs' initial PPF was served. Additionally, as recent as September 11, 2020, Plaintiffs produced nearly 800 pages of documents from Mr. Pfaff's Gmail account—a source previously known to Plaintiffs but from which a complete search for relevant and discoverable information has not been made. Counsel indicated that they were unable to complete the search because they

PO Box 171443
Memphis, TN 38187-1443

**CHARLES F. MORROW**
901.680.7317
Chip.Morrow@butlersnow.com

Suite 500
6075 Poplar Avenue
Memphis, Tennessee 38119

T 901.680.7200 • F 901.680.7201 • www.butlersnow.com

BUTLER SNOW LLP

were "locked out" of the account. Plaintiffs' counsel also informed Merck that Mr. Pfaff maintained two other email accounts that have not been mined for data.

Merck requests complete forensic copies of Mr. Pfaff's electronic devices, as well as other ESI in Plaintiffs' possession, custody, and control. As Merck has explained during the multiple meet-and-confer communications with Plaintiffs' counsel, the forensic copies are necessary, in part, because to date, Plaintiff has not, despite multiple requests, provided detailed information regarding the methods, search terms, date ranges, and the like used to search the devices, without which Merck has been unable to verify whether the limited amount of information produced to date encompasses the entirety of relevant and discoverable information from those devices. These devices and the ESI contain highly relevant information probative of Mr. Pfaff's mental and emotional state, which Plaintiffs put at issue by filing this lawsuit alleging Merck's prescription medication Propecia caused Mr. Pfaff to commit suicide. *See* Compl. ¶¶ 2–3 (ECF No. 1).

Further, Plaintiffs have improperly withheld correspondence between Plaintiff Kelly Pfaff (wife of John Pfaff) and Lee Meisel[1], claiming it is privileged due to Mr. Meisel's alleged retention as a consulting expert.[2]

The parties have conferred for several months and have been unable to resolve these ongoing disputes. The amount of correspondence between the parties[3] as well as the importance and complexity of these issues would easily exceed the Court's three-page limit for pre-motion letters. Merck therefore requests a telephonic conference with the Court, followed by an opportunity for full briefing as the Court deems appropriate in order to fully apprise the Court of the dispute and set forth the parties' respective positions.

                              Respectfully submitted,

                              */s/ Charles F. Morrow*
                              Charles F. Morrow
                              Alyson B. Jones
                              W. McDonald Plosser
                              chip.morrow@butlersnow.com
                              alyson.jones@butlersnow.com
                              mac.plosser@butlersnow.com
                              Butler Snow LLP
                              6075 Poplar Avenue, Suite 500
                              Memphis, TN 38119
                              (901) 680-7200

---

[1] Mr. Meisel is the father of a former Propecia plaintiff but also has degrees in law, medicine, and public health. He has also had extensive involvement with the Post-Finasteride Syndrome Foundation.

[2] When Merck requested additional information from Plaintiffs' counsel as to Mr. Meisel's expertise and the nature of his retention (i.e., to provide some basis as what qualified Mr. Meisel as an expert), counsel declined to do so. Further, Plaintiffs' counsel made no attempt to "claw back" or assert privilege with respect to the correspondence between Ms. Pfaff and Mr. Meisel already produced.

[3] The correspondence alone will generate over 30 exhibits.

>   Matthew T. McLaughlin, Esq.
>   mtmclaughlin@venable.com
>   Michael A. Guerra, Esq.
>   maguerra@venable.com
>   Venable LLP
>   Rockefeller Center
>   1270 Avenue of the Americas, 25th Floor
>   New York, NY  10020
>   Telephone:  (212) 307-5500
>   Facsimile:  (212) 307-5598
>
>   *Counsel for Merck & Co., Inc. and Merck Sharp & Dohme Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all registered attorneys.

>   *s/ Charles F. Morrow*