

T 602.840.3900  F 602.840.3012

Rachel E. Fitzpatrick
Associate
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 WEST JEFFERSON STREET, SUITE 1000
PHOENIX, AZ  85003
www.hbsslaw.com
**Direct (602) 224-2636**
**Direct Fax (602) 840-3012**
**rachelf@hbsslaw.com**

September 18, 2020

<u>**VIA ECF FILING**</u>

The Honorable Peggy Kuo
Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re: Propecia (Finasteride) Products Liability Litigation*
               *Kelly S. Pfaff, Individually, on Behalf of J.A.P. and C.P., minors, and as Trustee*
               *of the Pfaff Family Trust v. Merck & Co., Inc. and Merck Sharp & Dohme Corp.*
               Case No. 1:15-cv-3355
               **Plaintiffs' Response to Defendants' Update to Joint Status Report on**
               **Unresolved Discovery Dispute: Request for Status Conference and Briefing**

Dear Magistrate Judge Kuo:

      The Pfaff Plaintiffs respond to Merck's letter filed yesterday. Plaintiffs do not oppose a telephonic status conference, briefing, or any other resolution the Court sees fit for this dispute.

      The Pfaff case was transferred into the MDL in June 2015. To date, the only written discovery Merck served on Plaintiffs is (1) the PPF and its accompanying document requests that all MDL plaintiffs must complete; and (2) five document requests served belatedly with Plaintiff Kelly Pfaff's deposition notice that were largely duplicative of the MDL document requests. These requests are incredibly broad, seeking, e.g., "…any documents including email, in your possession *relating to Propecia and/or Proscar, your injuries and/or this lawsuit*…"[1] and "[a]ll documents in Deponent's possession, custody, or control *that relate to the ingestion of Propecia, Proscar and/or finateride [sic], or otherwise concern the subject matter of this lawsuit*."[2] (Emphasis added.) This case is unique to those in the MDL because it alleges that Merck's failure to warn of Propecia's depression and suicide ideation side effects resulted in the

---

[1] PPF Doc. Reqs. No. 13.
[2] Merck's Jan. 27, 2020 Dep. Not. of Kelly Pfaff at Req. 1.

September 18, 2020
Page 2

suicide of the Pfaffs' husband and father, John Pfaff. Merck has served no disclosures in the *Pfaff* case, or otherwise identified the facts supporting its defenses.

 Merck noticed Ms. Pfaff's deposition for February 11, 2020, a few months before the April 30, 2020 then-deadline for case-specific discovery.[3] Only after Ms. Pfaff's deposition did Merck, for the first time, identify or request Plaintiffs search for <u>specific</u> information, e.g., particular names and things in Ms. Pfaff's ESI, largely based on information obtained from her deposition. Pointing to the broad discovery requests described above, Merck's informal letter request also sought unspecific information from Ms. Pfaff's ESI based on perceived gaps in prior productions and all the ESI from decedent John Pfaff's iPhone and iPad.[4] Because it is unreasonably burdensome for Plaintiffs to comb through every email, text, and electronic file in their possession spanning more than twelve years, Plaintiffs repeatedly asked Merck for a list of search terms to use in locating discoverable information and resolve any outstanding disputes. Merck refused to do so for six months, until just last month (August 24, 2020), when it produced more than seventy-five search terms to Plaintiffs.

 Over those intervening six months, Plaintiffs fielded Merck's letters and emails demanding piecemeal and duplicative searches of Plaintiffs' ESI and answers about Plaintiffs' ESI processes, all while criticizing the timeliness and adequacy of Plaintiffs' productions. Plaintiffs never refused to search for the specific items Merck identified, and contrary to Merck's assertion, they answered Merck's questions by email, letter, and phone regarding the details of Plaintiffs' ESI. Following Ms. Pfaff's deposition, Plaintiffs (and then undersigned counsel) also attempted to access, search, and pull discoverable information from Mr. Pfaff's iPhone and iPad. Because these efforts were unsuccessful, Plaintiffs retained and paid ($4,000) an expert to forensically image the iPhone and advise on accessing the locked iPad. Plaintiffs' counsel reviewed and produced discoverable data from the iPhone based on Merck's limited terms to that point, but the iPad remains inaccessible. Despite Merck's informal and dilatory requests, Plaintiffs are currently running Merck's August 24, 2020 search terms and their variations across all ESI in their possession, custody, and control, including Ms. Pfaff's electronic devices and Mr. Pfaff's iPhone. The process is extensive and time-consuming, and in part duplicative of Plaintiffs' prior discovery efforts.

---

 [3] Due to the COVID-19 pandemic, the parties agreed to an extension of the discovery schedule in early April 2020.

 [4] In Ms. Pfaff's February 2020 deposition, Merck asked whether she possessed any of her deceased husband's electronic devices. This triggered the recollection that she did have his iPhone and iPad, the former in a storage unit and the latter stored somewhere in their home. Fifteen months after her husband's death and before filing this case, Ms. Pfaff and her children relocated to Park City, UT, and it was then that she put many things, including the iPhone, into a storage unit.

010397-11/1345501 V1

September 18, 2020
Page 3

      Merck misstates Plaintiffs' efforts regarding John Pfaff's email accounts. Plaintiffs tried accessing his Gmail and Yahoo accounts with various potential passwords early on in the litigation without success. They did not try to access the Hotmail account because Ms. Pfaff did not recall this account. When Plaintiffs uncovered a potential password during recent ESI searches, they tried it across all three accounts. It worked temporarily for the Gmail account before Gmail flagged the access as suspicious and locked it. While Plaintiffs' counsel were in the account, they ran roughly half of Merck's search terms, saved, and later produced a significant amount of emails, though many are duplicative of emails produced previously either from Ms. Pfaff's own ESI or Mr. Pfaff's iPhone. The password did not permit Plaintiffs to access the Yahoo or Hotmail accounts, and the Gmail account remains locked. Plaintiffs' attempts here are more than sufficient, and Mr. Pfaff's email accounts are otherwise out of Plaintiffs' possession, custody, and control.

      Finally, although the identity of and communications with consulting experts are protected from disclosure, Plaintiffs' counsel informed Merck that Plaintiffs retained Lee Meisel, a medical doctor, as a non-testifying consulting expert in the parties' meet-and-confer. Plaintiffs will brief the legal basis for this designation and protections on leave or request by the Court.

      Respectfully submitted,

*s/ Rachel E. Fitzpatrick*
Rachel E. Fitzpatrick
Molly A. Booker
rachelf@hbsslaw.com
mollyb@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, AZ  85003
(602) 840-5900

*Counsel for the Pfaff Plaintiffs*

September 18, 2020
Page 4

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all registered attorneys.

                                                    *s/Rachel E. Fitzpatrick*